IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03278-BNB

DAVID K. JENNER,

    Applicant,

v.

FRANCIS FAULK, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, David K. Jenner, is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Mr. Jenner has filed *pro se* an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) challenging the validity of his conviction and sentence in Denver District Court case number 96CR2563.

    On December 20, 2012, Magistrate Judge Boyd N. Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action. On January 30, 2013, Respondents filed their Pre-Answer Response (ECF No. 11). On February 19, 2013, Mr. Jenner filed Applicant's Reply to Respondents' Pre-Answer Response (ECF No. 14).

    The Court must construe the application and other papers filed by Mr. Jenner

liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as untimely.

The long and complex procedural history of the state court proceedings relevant to this action were described by the Colorado Court of Appeals in Mr. Jenner's most recent postconviction appeal as follows:

> In 1997, a jury convicted defendant of first degree sexual assault. After adjudicating defendant as an habitual criminal, the district court sentenced him to ninety-six years in custody of the Department of Corrections (DOC). On direct appeal, a division of this court affirmed his conviction and remanded the case for further proceedings on defendant's challenges to his prior convictions. *See People v. Jenner*, (Colo. App. No. 97CA0565, Aug. 16, 2001) (not published pursuant to C.A.R. 35(f)) (*Jenner I*). The mandate was issued in April 2002.
>
> As pertinent here, defendant timely filed a pro se Crim. P. 35(c) motion in May 2002 (2002 motion), which was later supplemented by counsel (postconviction counsel) in April 2005 (2005 supplemental motion). In June 2006, without holding a hearing, the district court issued a written order denying defendant's 2002 motion and 2005 supplemental motion. Defendant did not appeal that order.
>
> In October 2007, defendant filed a pro se motion to correct an illegal sentence, seeking to have the sex offender and special advocate surcharges removed from his sentence because those surcharges were imposed after his sentencing, thus violating his right to be free from double jeopardy. The court denied the motion.
>
> In June 2008, postconviction counsel moved to withdraw from defendant's case. The court ordered counsel to inform it of any "unresolved issues stemming from Defendant's remand from the Court of Appeals." In July 2008, counsel filed a written response explaining that pursuant to the

remand in *Jenner I*, the court needed to determine whether justifiable excuse or excusable neglect existed for defendant's late collateral attack of his out-of-state convictions. Counsel also argued that one of defendant's prior convictions was constitutionally infirm and that the court should grant defendant a hearing to allow him to establish justifiable excuse for not challenging that prior conviction sooner. After receiving a response from the district attorney, the court issued a written order without a hearing, finding that defendant's asserted reasons for not challenging the prior convictions earlier did not amount to justifiable excuse or excusable neglect.

In September 2008, before the court ruled on the remand issues, defendant filed an amended Crim. P. 35(c) motion raising additional claims regarding his conviction (2008 motion). The district court summarily denied this second postconviction motion in a written order finding that the claims either were or could have been presented in his direct appeal or first postconviction motion.

Defendant appealed both the denial of his 2008 motion and the court's determination of the remand issue. A division of this court affirmed both orders, concluding that the record supported the court's determination of no justifiable excuse or excusable neglect and that the issues raised in defendant's 2008 motion were successive. *See People v. Jenner*, (Colo. App. No. 08CA2309, Feb. 11, 2010) (not published pursuant to C.A.R. 35(f)) (*Jenner II*). The mandate was issued on June 2, 2010.

On June 7, 2010, defendant filed, pro se, the postconviction motion at issue in this appeal alleging that he received ineffective assistance of postconviction counsel because counsel failed to (1) appeal the 2006 denial of his first postconviction motion, and (2) supplement his initial 2002 motion with the claims that defendant had included in his 2008 amended motion. Defendant also asserted that he had justifiable excuse or excusable neglect for this late filing because he did not learn that the district court had denied the 2002 motion until the court denied his 2008 motion.

The district court denied defendant's motion, finding that it was time barred and without justifiable excuse or excusable neglect; and that, in any event, the claims either were or

3

> could have been raised in defendant's previous appeals and
> postconviction motions. This appeal followed.

*See People v. Jenner*, No. 10CA2071, slip op. at 1-4 (Colo. App. Oct. 25, 2012) (unpublished) (ECF No. 11-2 at 3-6). The Colorado Court of Appeals affirmed the trial court's order denying the 2010 Rule 35(c) motion, finding that the motion was untimely and lacking in merit. (*See id.*)

Mr. Jenner asserts the following nine claims for relief in the application:

> (1) The trial court impermissibly chilled his right to testify and prevented him from raising a consent defense by ruling that testimony as to consent would open the door to admission of evidence regarding prior convictions.
>
> (2) His Sixth and Fourteenth Amendment rights were violated when the trial court allowed two police officers to testify regarding the victim's statement to them.
>
> (3) Colorado's habitual criminal statute selectively was applied to him because he exercised his constitutional right to a jury trial.
>
> (4) His Fourteenth Amendment rights were violated when the trial court refused the jury instructions he tendered on his theory of the case and lesser included offenses.
>
> (5) There was insufficient evidence to support a determination that he was armed with a weapon.
>
> (6) The delay in resolving the issue remanded on direct appeal violated his right to due process.
>
> (7) Postconviction counsel was ineffective by failing to raise claims relevant to: (a) the imposition of a sex-offender surcharge; (b) trial counsel's failure to challenge a 1989 Washington conviction; (c) the imposition of habitual criminal charges after exercising his right to a jury trial; (d) *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (e) the use of hearsay evidence in the habitual criminal proceedings; (f) the use of out-of-state convictions for sentence enhancement purposes; (g) the mischaracterization of prior convictions as

> crimes of violence; and (h) whether Colo. Rev. Stat. § 17-22.5-403 violates the separation of powers doctrine.
>
> (8) Trial counsel was ineffective by providing erroneous advice that caused Mr. Jenner to reject a plea offer.
>
> (9) His sentence violates *Apprendi*.

In his Traverse, Mr. Jenner agrees to withdraw claim 2. (*See* ECF No. 14 at 8.) The Court also notes that claim 7, in which Mr. Jenner argues that postconviction counsel was ineffective, is not cognizable in this habeas corpus action because "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." 28 U.S.C. § 2254(I).

Respondents first assert that the instant action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>> (D) the date on which the factual predicate of
>> the claim or claims presented could have been
>> discovered through the exercise of due
>> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine the date on which Mr. Jenner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). In general, a conviction becomes final following a decision by the state court of last resort on direct appeal when the United States Supreme Court denies review, or, if no petition for writ of certiorari is filed, when the time for seeking such review expires. *See Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001).

Respondents concede that it is at least arguable Mr. Jenner's conviction was not final until the issue remanded by the Colorado Court of Appeals in 2001 finally was resolved in 2010. Because the Court concludes that the instant action is untimely even if Mr. Jenner's conviction was not final until 2010, the Court need not address Respondents' alternative argument that Mr. Jenner's conviction was final prior to 2010 because he abandoned the remand issue before it was resolved.

As discussed above, on February 11, 2010, the Colorado Court of Appeals affirmed the trial court's order on the remand issue. (*See* ECF No. 11-8.) On May 24, 2010, the Colorado Supreme denied Mr. Jenner's petition for writ of certiorari with respect to that appeal. (*See* ECF No. 11-6.) Pursuant to Rule 13.1 of the Rules of the

Supreme Court of the United States, Mr. Jenner had ninety days to seek review in the United States Supreme Court after the Colorado Supreme Court denied his petition for writ of certiorari on May 24, 2010, but he did not do so. Therefore, Mr. Jenner's conviction became final on August 23, 2010, when the time for filing a petition for writ of certiorari in the United States Supreme Court expired.[1]

The Court also finds that the one-year limitation period began to run on August 23, 2010, because Mr. Jenner does not allege that he was prevented by unconstitutional state action from filing this action sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he does not argue that he did not know or could not have discovered the factual predicate for his claims before his conviction became final. *See* 28 U.S.C. § 2244(d)(1)(B) - (D).

The next question the Court must answer is whether the one-year limitation period was tolled during the time the Rule 35(c) motion Mr. Jenner filed on June 7, 2010, was pending. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court postconviction motion tolls the one-year limitation period while the motion is pending. An application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These requirements include:

> (1) the place and time of filing; (2) the payment or waiver of

---

[1] The ninetieth day after May 24, 2010, was Sunday, August 22, 2010. Therefore, the filing period extended until Monday, August 23, 2010. *See* Sup. Ct. R. 30.1.

> any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000) (footnote omitted).

The issue of whether a state court postconviction motion is pending for the purposes of § 2244(d)(2) is a matter of federal law but "does require some inquiry into relevant state procedural laws."  *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000).  The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner *could have* sought an appeal under state law."  *Gibson*, 232 F.3d at 804.

Respondents correctly assert that the Rule 35(c) motion Mr. Jenner filed on June 7, 2010, was not properly filed and did not toll the one-year limitation period because the motion was untimely under state law.  "When a postconviction petition is untimely under state law, that [is] the end of the matter for purposes of § 2244(d)(2)."  *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) (internal quotation marks omitted, alteration in original).

Mr. Jenner concedes, as he must, that both the trial court and the Colorado Court of Appeals determined the Rule 35(c) motion he filed on June 7, 2010, was untimely

under state law. (*See* ECF Nos. 11-2 & 11-4.) Although he contends that the state courts erred in deciding the motion was untimely, his argument does not change the fact that the state courts concluded otherwise. Therefore, the Rule 35(c) motion Mr. Jenner filed on June 7, 2010, was not properly filed and did not toll the one-year limitation period. *See Pace*, 544 U.S. at 417 (stating that "[b]ecause the state court rejected petitioner's [postconviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."). As a result, the Court finds that the instant action is barred by the one-year limitation period in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). Generally, equitable tolling is appropriate if the petitioner shows both "that he has been pursuing his rights diligently" and "that some extraordinary circumstance stood in his way" and prevented him from filing in a timely manner. *Pace*, 544 U.S. at 418; *see Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). A showing of excusable neglect is not sufficient to justify equitable tolling. *See Gibson*, 232 F.3d at 808. Furthermore, in order to demonstrate he pursued his claims diligently, the petitioner must "allege with specificity 'the steps he took to diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008) (quoting *Miller*, 141 F.3d at 978).

Equitable tolling also may be appropriate if the petitioner actually is innocent. *See Gibson*, 232 F.3d at 808. An actual innocence argument "is premised on the same fundamental miscarriage of justice exception that was discussed by the Supreme Court in *Schlup* [*v. Delo*, 513 U.S. 298 (1995),] and *Coleman* [*v. Thompson*, 501 U.S. 722

(1991)]." *Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010). Therefore, in the rare and extraordinary case in which a habeas petitioner can demonstrate equitable tolling is appropriate on actual innocence grounds, the petitioner is not required to demonstrate he diligently pursued the actual innocence claim. *See id.* at 1230-31. However, to be credible, a claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence--whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324. The petitioner then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 327. The Court emphasizes that a "substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare." *Id.* at 324.

Mr. Jenner fails to demonstrate or even argue that the one-year limitation period should be tolled for equitable reasons and the Court finds no basis for equitable tolling in this action. As a result, the Court finds that this action is barred by the one-year limitation period and the action will be dismissed for that reason. Because the Court has determined that the entire action is time-barred, the Court need not address Respondents' alternative arguments regarding exhaustion of state court remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that Applicant's Motion for Expansion of the Record to Supplement Exhibits/Motions Respondents Omitted (ECF No. 15) is DENIED.

DATED at Denver, Colorado, this  1st  day of    March         , 2013.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court